UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61971-CIV-COHN/SELTZER

STEVE JEFFERSON,

    Plaintiff,

vs.

BURGER KING CORPORATION,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO TAX COSTS

**THIS CAUSE** is before the Court upon Defendant's Motion for Bill of Costs [DE 50] and supporting Memorandum [DE 51, 52] (together, "Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 54], and Defendant's Reply [DE 55], and is otherwise fully advised in the premises.

Defendant Burger King Corporation moves to tax costs pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and S.D. Fla. L.R. 7.3(c), following this Court's entry of summary judgment in favor of Defendant. Defendant requests that $2,038.60 in deposition costs be taxed against Plaintiff Steve Jefferson. Plaintiff opposes Defendant's Motion, arguing that the Court should defer taxation of costs until after the Eleventh Circuit decides Plaintiff's pending appeal of this Court's judgment.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." A prevailing party's recoverable costs are

listed in 28 U.S.C. § 1920.[1]  Here, because Defendant was granted summary judgment on all of Plaintiff's claims, Defendant is the prevailing party and is entitled to recover taxable costs as permitted by section 1920.

Defendant seeks to recover $2,038.60 in costs associated with Plaintiff's deposition.  In this regard, section 1920 permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  The Court finds that Plaintiff's deposition, which Defendant used in support of its motion for summary judgment, was necessarily obtained for use in the case. Thus, the $1,685.60 cost of Plaintiff's deposition transcript is taxable.  See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." (internal quotation marks omitted)).  The Court also finds that the court-reporter attendance fee of $315.00 is reasonable and therefore recoverable under section 1920.  See Chacon v. El Milagro Care Ctr., Inc., No. 07-22835-CIV, 2010 WL 3023833, at *7 (S.D. Fla. July 29, 2010) (awarding prevailing parties $270.00 for court-reporter appearance fees).  The Court concludes, however, that $38.00 in convenience and delivery charges relating to Plaintiff's deposition are not recoverable.[2]  See Patrick

---

[1] Section 1920 provides that the following costs are taxable:  (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and distributions for printing and witnesses; (4) fees for exemplification and copies of materials necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.  See 28 U.S.C. § 1920.

[2] The court reporter's invoice includes a $30.00 charge for "LITIGATION SUPPORT CD/ASCII/MINI" and an $8.00 charge for delivery.  DE 50 at 3.

v. Bishop State Cmty. Coll., No. 10–0188–WS–M, 2011 WL 2784585, at *1 (S.D. Ala. July 15, 2011) ("Any portion of the cost of a deposition that was incurred for the convenience of the attorney rather than being necessarily obtained for use in the case is not properly taxable.  Likewise, costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable.  The defendants are thus not entitled to recover the $40.00 charge for delivery, condensed transcript, index and e-tran." (internal quotation marks, citations & alteration omitted)).  Based on these findings, Defendant may tax a total of $2,000.60 in deposition costs against Plaintiff.[3]

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Bill of Costs [DE 50] is **GRANTED IN PART**.  Defendant Burger King Corporation shall recover $2,000.60 in costs from Plaintiff Steve Jefferson.  The Court will enter a separate final judgment regarding these costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of September, 2012.

JAMES I. COHN
United States District Judge

Copies to:

Counsel of record and *pro se* parties via CM/ECF

---

[3] The Court declines Plaintiff's request to defer taxation of costs pending appeal. As Defendant notes, the deferral language that Plaintiff quotes from the Rule 54(d) advisory committee notes applies to attorney's fees, not taxable costs.  See Fed. R. Civ. P. 54(d)(2) advisory committee notes (1993).  In any event, the Court finds no valid basis for delaying an award of costs to Defendant.